## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

GEORGE RODRIGUEZ,                         §
          Plaintiff,                      §
                                          §
v.                                        §          CIVIL ACTION NO. H-06-2650
                                          §
CITY OF HOUSTON, *et al.*,                §
          Defendants.                     §

## ORDER

Pending before the Court are Defendants Randy Thomas and David Bonin's Motions Pursuant to Rule 12(e) [Doc. # 16] as well as Defendant Jose Gonzalez's Rule 12(e) Motion [Doc. # 25]. Each of these Defendants urges the Court to order George Rodriguez to state his claims against him with more specificity, on the grounds that they are mentioned only passingly in Rodriguez's 53-page Complaint. Thomas and Bonin additionally assert that the Complaint alleges no specific actionable conduct on their part. Both of these Motions we submitted simultaneously with a corresponding Answer to that Complaint. Gonzalez's Motion also asks that in his Amended Complaint, Plaintiff be held to the heightened pleading standards that Federal Rule of Civil Procedure 9(b) sets out for fraud claims. Also before the Court are Motions to Dismiss from Defendants Eddie Rodriguez [Doc. # 23], the City of Houston [Doc. # 30], Eraldo Garcia [Doc. # 37], Russell Sisk [Doc. # 40], and Reidum Hilleman [Doc. # 44]. Each of the motions is predicated, at least in part, on Rodriguez's failure to adequately plead a claim for which relief can be granted. Another Defendant,

Genaro Naranjo, has filed a *pro se* Motion for Summary Judgment [Doc. # 42], to which Rodriguez has replied [Doc. # 55].

Rodriguez opposes the Rule 12(e) Motions, arguing that the Complaint is sufficient under the notice pleading standard [Docs. # 38, 39]. Notice pleading is a "low bar" that may be met even when "the allegations are devoid of much factual particularity." *See General Elec. Corp. v. Posey*, 415 F.3d 391, 396 (5th Cir. 2005). But pleadings that meet that low bar may not be precise or detailed enough to allow Defendants to frame appropriate responses. "If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement under Rule 12(e)." *Beanal v. Freeport-McMoran, Inc.,* 197 F.3d 161, 164 (5th Cir. 1999). *See also Williams v. United Credit Plan of Chalmette, Inc.*, 526 F.2d 713, 715 (5th Cir. 1976).

Rodriguez's specific allegations are found in Count IV of his Complaint, which includes all three of the Defendants here (as well as eight other individuals). He accuses the Defendants of coaching eyewitnesses to identify him, failing to disclose exculpatory evidence, fabricating evidence against him, and failing to investigate another suspect. He does not give detail as to Thomas's, Bonin's, or Gonzalez's specific actions or omissions. Although these Defendants have each filed an Answer [Bonin Doc. # 17, Thomas Doc. # 18, Gonzalez Doc. # 22], they are vague and generic. A more specific complaint that addresses, insofar as is possible, the allegations against each Defendant will sharpen the issues in this case and aid the Court in its adjudication. The Court notes that there are seventeen

Defendants (excluding two John Does) in this case and multiple Motions to Dismiss based at least partly on the vagueness of the Complaint.   Rodriguez shall file an Amended Complaint by **November 30, 2006**, alleging as clearly and specifically as possible what each Defendant allegedly did to create a cause of action.

The Court rejects Gonzalez's contention that the Complaint should be held to the heightened pleading standards of Rule 9(b).  Rule 9(b) applies only to "averments of fraud or mistake."   Gonzalez's cursory argument, in its entirety, is simply that in Count IV "plaintiff is essentially alleging fraud," and that Rodriguez "should be made to plead with particularity how this defendant committed fraud."   Gonzalez Motion [Doc. # 25], at 1. Gonzalez does not explain how, by alleging that Defendants coached eyewitnesses, withheld and fabricated evidence, and neglected the investigation, Rodriguez is "essentially alleging fraud."   Nor has he cited any precedent applying Rule 9(b) to analogous claims.  Rodriguez urges the Court to apply *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, et al*, 507 U.S. 163, 168 (1993), in which the Supreme Court overruled the Fifth Circuit and held that "the Federal Rules do address in Rule 9(b) the question of the need for greater particularity in pleading certain actions, but do not include among the enumerated actions any reference to complaints alleging municipal liability under § 1983." But that opinion explicitly excludes claims against individual defendants.  Even so, Gonzalez has failed to persuade the Court that Rule 9(b) is applicable to Rodriguez's Complaint.

The pending Motions to Dismiss will each be mooted by an amended and clarified complaint.   The Court will issue a separate order on Naranjo's Motion for Summary Judgment.  It is hereby

ORDERED that Defendants' Rule 12(e) Motions [Docs. # 16, 25] are GRANTED and Plaintiff shall file an Amended Complaint by November 30, 2006.  It is further

ORDERED that Defendants' Motions to Dismiss [Docs. # 23, 30, 37, 40, 44] are DENIED without prejudice to refile.

SIGNED at Houston, Texas this 30th day of October, 2006.

Nancy F. Atlas
United States District Judge