IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GEORGE RODRIGUEZ, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2650 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The Court addresses in this Memorandum and Order Defendant Genaro Naranjo's Motion for Summary Judgment (the "Motion") [Doc. # 42] filed in this civil rights suit in August, 2006. Plaintiff George Rodriguez was convicted of the rape and kidnapping of a fourteen year old girl in 1987, but was released after seventeen years in prison based on post-conviction DNA tests that proved his innocence. Rodriguez has sued under 42 U.S.C. § 1983 accusing Naranjo and numerous others of conducting a badly flawed investigation that led to his wrongful arrest and conviction. Defendant Naranjo, proceeding *pro se* in this case,[1] filed this Summary Judgment Motion shortly after being served with process. Naranjo seeks dismissal of Rodriguez's claims against him based on qualified immunity and laches. Plaintiff has not filed a substantive response to the Motion.[2] Because Rodriguez was given leave to amend his complaint and there had been no meaningful time for discovery in the

---

[1] The Court also addresses the issue of representation of Naranjo at the end of this Memorandum and Order

[2] *But see* Plaintiff's Motion to Continue [Doc. # 55].

case, on November 17, 2006 at a pretrial conference, the Court denied the Motion without prejudice.[3] This Memorandum and Order memorializes that ruling in writing and provides alternative reasons the Motion should be denied.

**Applicable Legal Standard.–** Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing of the existence of an element essential to the party's case, and on which that party will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *see also Baton Rouge Oil and Chem. Workers Union v. ExxonMobil Corp.,* 289 F.3d 373, 375 (5th Cir. 2002). In deciding a motion for summary judgment, the Court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c); *Celotex Corp.*, 477 U.S. at 322–23; *Hart v. Hairston*, 343 F.3d 762, 764 (5th Cir. 2003).

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). The moving party, however, need not negate the elements of the non-movant's case. *See*

---

[3] *See also* Minute Entry Order [Doc. # 65]; Transcript of Motion Hearing held on Nov. 17, 2006 ("Hearing Transcript") [Doc. # 71], at 49.

*Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden by pointing out "'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party" *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

**Naranjo's Summary Judgment Motion:  Qualified Immunity Defense.**– Naranjo first contends that he is entitled to qualified immunity. Qualified immunity protects government officials accused of violating a plaintiff's rights from civil liability "so long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Here, Naranjo, who was a police officer at the time of the events in question, asserts that he took no action which deprived Rodriguez of any right. It was not clear from Rodriguez's Original Complaint which of his rights Naranjo allegedly violated or how he allegedly did so. The

Court accordingly ordered Rodriguez to amend the complaint to clarify his claims,[4] and orally denied Naranjo's Motion without prejudice.

As ordered, Rodriguez filed an Amended Complaint [Doc. # 67] repleading his claims against all defendants including Naranjo. Rodriguez accuses Naranjo of "deliberately conducting unconstitutionally suggestive photographic identification procedures with the victim and [another witness]," and "providing suggestion and encouragement to the victim and [the witness] that they select George Rodriguez's photograph, and explicitly or implicitly affirming that the victim's and [the witness's] selection of George Rodriguez's photograph was correct."[5] Rodriguez also accused Naranjo of failing to disclose to the prosecutors or the defense material exculpatory and impeachment evidence in that he allegedly helped conceal these faulty interviews from the prosecution.[6]

In an affidavit submitted with the Motion, Naranjo asserts that he had no prior knowledge of Rodriguez when he showed a photo array including Rodriguez's picture to the victim, who identified Rodriguez as one of her attackers.[7] Naranjo further states that "the warrant against Rodriguez was dropped," and that he (Naranjo) "was not involved beyond this point in the investigation."[8]

---

[4]*See* Order of October 30, 2006 [Doc. # 57].

[5]Amended Complaint, at 45, ¶ 202.

[6]*Id*. at 46, ¶ 204.

[7]Affidavit of Genaro Naranjo [Doc. # 43], at 3.

[8]*Id*. In his Amended Complaint, Rodriguez asserts that a warrant against him was temporarily dropped in February 1987, but that in April, following allegedly improper scientific testing, he was
(continued...)

Naranjo's affidavit does not demonstrate entitlement to summary judgment in his favor as a matter of law on a qualified immunity defense. For instance, although Naranjo denies knowing anything about Rodriguez before the lineup, he does not present evidence or demonstrate futility of Rodriguez's allegations that the lineup procedure was unconstitutionally suggestive. He also does not address Rodriguez's theory that Naranjo failed to disclose to the prosecutors his or others' wrongdoing that he observed. There is no evidence or even allegations supporting the propriety of the identification procedure, or an explanation of Naranjo's own conduct in connection with the photographic lineup. Naranjo thus has failed to establish as a matter of law that he is entitled to judgment or that Rodriguez cannot prove his claims. He thus has not shifted the summary judgment burden to Rodriguez to demonstrate the existence of an issue of material fact that Naranjo's actions could "reasonably have been thought consistent with the rights they are alleged to have violated." *Gobert*, 463 F.3d at 345. Summary judgment on Naranjo's qualified immunity defense is denied at this time.

**Naranjo's Summary Judgment Motion: Laches Defense.**– Naranjo also argues that Rodriguez's claim should be barred by the doctrine of laches because approximately nineteen years have passed since his actions in the investigation. This period includes not only the time during which the rape investigation was conducted, but also during Rodriguez's trial and the seventeen years of incarceration before his exoneration. For laches to bar a claim,

---

[8](...continued)
again charged with the offense.

a defendant must show that the plaintiff delayed asserting his rights, that the delay prejudiced the defense, and that the delay was inexcusable. *See Johnson v. Crown Enterprises, Inc.*, 398 F.3d 339, 344 (5th Cir. 2005). Therefore, Naranjo must show that Rodriguez inexcusably delayed asserting his rights and that Naranjo's defense is prejudiced by that delay. Rodriguez provides a cogent explanation for much of the delay in asserting his rights. He could not bring this suit until, at the very earliest, scientific testing eliminated him as a suspect in the offense. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).[9] The results of that testing were reported to the state court in May 2004.[10] Rodriguez was not released from custody until October 2004, and his convictions for rape and kidnapping were vacated in August 2005. Rodriguez sued about two years after the test results were made available to the court and approximately one year after his convictions were formally vacated. Rodriguez's claim ripened no earlier than when his convictions were "declared invalid by a state tribunal authorized to make such determination." *Heck*, 512 U.S. at 487. Further, although Naranjo asserts that the nineteen-year delay prejudices his defense because "all notes concerning that investigation have been lost or destroyed," he does not identify any

---

[9]"[A] civil tort action, including an action under section 1983, is not an appropriate vehicle for challenging the validity of outstanding criminal judgments. When a plaintiff alleges tort claims against his arresting officers, 'the district court must first consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence.' If so, the claim is barred unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254." *DeLeon v. City of Corpus Christi*, Slip. op., — F.3d —, 2007 WL 1560082 (5th Cir. May 31, 2007) (citing *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000)).

[10]There is no indication in the record whether Rodriguez learned the results of the testing before they were reported to the court.

prejudice arising from the period *after* Rodriguez's claim ripened. Naranjo's inclusion in this "delay" of the seventeen years Rodriguez was incarcerated is improper. Accordingly, the Court is unpersuaded that the delay attributable to Rodriguez's actions has prejudiced Naranjo's defense. Naranjo has not shown as a matter of law that laches is a bar to Rodriguez's claims. Naranjo's Motion based on laches is therefore denied.

**Appointment of Counsel for Naranjo.–** As a final matter, at the November 2006 hearing, the Court noted the need for Naranjo to have counsel to assist him with pretrial and trial preparation. Abelardo Casas, Esq., counsel for Defendant Eddie Rodriguez, informed the Court that he represents an "organization of Spanish-speaking officers," and that Naranjo may be entitled to representation if he was a member of that organization.[11] Mr. Casas volunteered to inquire into the matter, and the Court instructed him to inform Robert Cambrice, Esq., counsel for the City of Houston, of the results. In addition, the Court requested guidance from the City about what other avenues Naranjo, as a former Houston police officer, may have available to obtain representation. The Court is unaware of the status of these inquiries. Accordingly, Mr. Casas and Mr. Cambrice *each* are directed to inform the Court and Naranjo by letter of the results of their inquiries prior to the discovery hearing currently set for **June 18, 2007**. Naranjo's last reported address is:

> Genaro Naranjo, # 752071
> Texas Department of Criminal Justice – Institutional Division
> Clements Unit
> 9601 Spur 591
> Amarillo, TX  79107-9606

---

[11] Hearing Transcript, at 6.

**Conclusion and Order.–** Defendant Genaro Naranjo has not established that summary judgment is warranted. It is therefore

**ORDERED** that Defendant Naranjo's Motion for Summary Judgment [Doc. # 42] again is **DENIED without prejudice**, as it was on the record in open court on November 17, 2006.  It is further

**ORDERED** that counsel for the City of Houston and Defendant Eddie Rodriguez inform the Court and Defendant Naranjo in writing on or before **June 18, 2007**, about possible representation for Defendant Naranjo.  It is further

**ORDERED** that the Court Clerk's Office provide Genaro Naranjo with a copy of this Memorandum and Order.

SIGNED at Houston, Texas this **5th** day of **June, 2007**.

_____
Nancy F. Atlas
United States District Judge