**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| GEORGE RODRIGUEZ, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-2650 |
| | § | |
| CITY OF HOUSTON, *et al.*, | § | |
|     Defendants. | § | |

**MEMORANDUM AND ORDER**

Pending before the Court is Plaintiff George Rodriguez's Motion for Leave to Extend Deadline to Amend Pleadings and Add Parties [Doc. # 97]. Defendants Harris County (the "County") and Charles Rosenthal have filed a joint Response [Doc. # 98], as has Defendant City of Houston (the "City") [Doc. # 99]. No other Defendant has responded, and Rodriguez has not replied. The time for further pleadings having expired, the matter is now ripe for adjudication. The Court **grants** the Motion in part.

**I.     FACTUAL AND LEGAL BACKGROUND**

Rodriguez was convicted of the kidnapping and rape of a minor, and served 17 years of a 60-year sentence before being released and eventually cleared of all charges on the basis of exculpatory post-conviction DNA testing. The facts in this case are set out more fully in the Court's Memorandum and Order of April 19, 2007 [Doc. # 96].

The Court's Docket Control Order [Doc. # 66] ("scheduling order") set the deadline for new parties and amendments to pleadings for March 30, 2007. Less than three weeks later, on April 19, 2007, Rodriguez filed the present motion, asking that the deadline be

extended for good cause and arguing that the City has failed to provide discovery material that he requires in order to determine the identities of various John Doe defendants named in the Amended Complaint [Doc. # 67]. Rodriguez asks that the Court prospectively allow him to amend his pleadings to add new parties until "10 days from the date the City's production of documents in response to plaintiff's first document requests is substantially complete."[1] Defendants oppose the request for various reasons, as addressed below.

## II. LEGAL STANDARD

Plaintiff seeks to amend his pleadings under the permissive standard of Rule 15 of the Federal Rules of Civil Procedure. However, once a court has entered a scheduling order, leave to amend the deadlines is guided by Rule 16. "Federal Rule of Civil Procedure 16(b) governs amendment of pleadings once a scheduling order has been issued by the district court. Rule 16(b) provides that a scheduling order 'shall not be modified except upon a showing of good cause and by leave of the district judge.' The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Southwestern Bell Telephone Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (citing *S & W Enters., LLC v. Southtrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (quoting 6A CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 1522.1 (2d ed. 1990))). The Fifth Circuit explained: "In determining good cause, we consider four factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential

---

[1] Motion, at 4.

prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" *Id.* at 546 (citing *S & W Enters.*, 315 F.3d at 535).

### III. ANALYSIS

Rodriguez offers no explanation for his failure to timely move for leave to amend his pleadings before expiration of the time to amend under the scheduling order. On the other hand, Rodriguez's request is less than three weeks late in a case with an enormous number of documents and involving issues of some complexity. This delay must be viewed in light of the timing of the City's initial disclosures and the City's responses to discovery requests. There is no dispute that the City did not meet the February 9, 2007 deadline for making its documents available to Plaintiff. Although the City's delay in producing its documents may well be excusable, it is not contested that those materials and other discovery responses have not been entirely timely.[2] The first element in evaluating "good cause" for purposes of Rule 16 scheduling order amendments therefore does not tip in any side's favor.

As to the second "good cause" consideration, it appears that the extension is very important to Rodriguez. The City has not – until recently – produced all its documents in response to his discovery requests. Rodriguez explains that he seeks the "very organizational and training documents from which plaintiff could determine whether and how to refine or revise his complaint," including the identity of "certain [Houston Police Department]

---

[2] The City asserts that the depository is now open, and that it has spent more than $40,000 to copy over 300,000 documents as well as audio and video cassettes and diskettes in its ongoing effort to complete its discovery production. Its efforts were delayed, it submits, due to the difficulty of finding a contractor capable of making the necessary copies and the large number of documents to be processed. City's Response, at 2, ¶ 8. *See also* Invoices, Exhibit 4 to City's Response.

supervisors who are currently John and Jane Doe defendants."[3] Rodriguez clearly needs to see the City's documents before he can determine the identity of legally viable defendants in this case. The Court finds that the proposed extension of the amendment deadline is very important to Rodriguez.[4]

Turning the issue of potential prejudice in allowing the scheduling order amendment, the Court finds that an extension of the amendment deadlines to dates certain in the not-too-distant future will not meaningfully prejudice any party. The documents are now available and there appears no reason that Rodriguez cannot review them and within 60 days make the necessary determinations of the identity of persons significantly involved in the conduct and events that he contends violated his constitutional rights.[5]

In any event, if this extension of the amendment deadline creates any prejudice to a party with respect to other deadlines, those deadlines may be altered appropriately. It is still early in this case. Discovery currently is not scheduled to close until January, 2008. There is no reason not to permit flexibility in the amendment deadline at this time.

---

[3] Motion, at 2.

[4] The fact that Rodriguez does not know at this time if other possible defendants are significant to case does not mean that the amendment deadline extension is unimportant. Rodriguez needs more time to assess the facts.

[5] The Court observes, however, that Rodriguez must ultimately limit the number of defendants in this case to those whom he can allege, under Rule 11 and applicable appellate authority, have committed a constitutional tort against him. Granting an extension is NOT a license to add new marginal defendants or to otherwise unnecessarily complicate this case. Rodriguez also is expected to use the time before the amendment deadline to evaluate which parties now named as defendants should be dropped from this case.

On the other hand, the County objects to the floating deadline proposed by Rodriguez because that deadline would place the County "in an indeterminate pretrial limbo which results in prejudice to [them]."[6] The County states that it may file a motion for summary judgment on Plaintiff's claims against the County (and its associated individual defendants), and wants to avoid being "drawn through protracted trial proceedings between Plaintiff and the City Defendants."[7] The Court agrees. A "floating deadline" is not fair and would unnecessarily prejudice Defendants and delay this case. The Court will set a firm deadline for final amendments to the pleadings and the parties must adhere to it.[8]

## IV.  CONCLUSION

The record reveals there is good cause to grant an extension of the deadlines for Rodriguez to add new parties and to amend his complaint in this case. It is therefore

**ORDERED** that Plaintiff's Motion for Leave to Extend Deadline to Amend Pleadings and Add Parties [Doc. # 97] is **GRANTED in part.** It is further

**ORDERED** that the deadline for Plaintiff Rodriguez's amendments to pleadings and adding new parties is extended to **August 10, 2007,** and Defendants' deadline for

---

[6]  County's Response, at 2, ¶ 3.

[7]  *Id*. at 2, ¶¶ 4, 5.

[8]  The Court notes, however, that it expects that the City and County will respond timely to all outstanding discovery requests. If there are difficulties in this regard, the parties shall raise the matters with the Court at the upcoming discovery conference and potential requests for adjustments to the scheduling order will be addressed.

amendments to pleadings and adding new partes is **August 30, 2007**.  There will be no further extensions to these deadlines.

    SIGNED at Houston, Texas, this **8th** day of **June, 2007**.

                                                  Nancy F. Atlas
                                           United States District Judge