IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GEORGE RODRIGUEZ,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| versus | § | CIVIL ACTION NO. H-06-2650 |
| | § | |
| **CITY OF HOUSTON,** | § | |
| | § | |
| *Defendant.* | § | |

## FINAL JUDGMENT

On the 16th day of June, 2009, the above-styled and numbered case came on for trial. Both sides appeared and announced ready for trial and the case was tried to a jury, one having been timely requested, from June 16 to June 25, 2009. At the conclusion of Plaintiff's case in chief, Defendant moved for judgment as a matter of law as to Plaintiff's claims, pursuant to Federal Rule of Civil Procedure 50(a). The Court denied Defendant's Rule 50 motion in part and granted the motion in part. The Court granted the motion only as to Plaintiff's claim that a single constitutional violation resulting from inadequate training by the Defendant City of Houston could be a legally sufficient basis for finding deliberate indifference by the Defendant. Having denied the Rule 50 motion on all other grounds, the Court submitted the case to the jury on June 23, 2009.

The jury questions and answers were as follows:

## JURY QUESTION NO. 1

Did James Bolding's knowingly misleading and scientifically inaccurate serology report play a substantial part in bringing about or actually causing Plaintiff's injury or damages?

Answer "Yes" or "No."

_____**YES**_____

If you have answered "No," do not answer any more questions. Please sign and date the Certificate and return it to the Court.

However, if you have answered "Yes," please answer Question No. 2.

# JURY QUESTION NO. 2

Do you find by a preponderance of the evidence that Defendant City of Houston had an official policy or custom of inadequate supervision or training of its Crime Lab personnel?

Answer "Yes" or "No."

_____**YES**_____

If you have answered "No," do not answer any more questions. Please sign and date the Certificate and return it to the Court.

However, if you have answered "Yes," please answer Question No. 3.

## JURY QUESTION NO. 3

Do you find by a preponderance of the evidence that the City's policymaker was deliberately indifferent to the substantial risk that the City's policy of inadequate supervision or training would result in a constitutional violation similar to the one suffered by Plaintiff?

Answer "Yes" or "No."

_____**YES**_____

If you have answered "No," do not answer any more questions. Please sign and date the Certificate and return it to the Court.

However, if you have answered "Yes," please answer Question No. 4.

## JURY QUESTION NO. 4

Do you find by a preponderance of the evidence that the inadequate supervision or training was the moving force behind the violation of Plaintiff's rights?

Answer "Yes" or "No."

_____**YES**_____

If you have answered "No," do not answer any more questions. Please sign and date the Certificate and return it to the Court.

However, if you have answered "Yes," please answer Question No. 5.

# JURY QUESTION NO. 5

What sum of money, if any, would reasonably and fairly compensate Plaintiff for damages he has actually suffered or is reasonably likely to suffer in the future as a result of the constitutional violation that was caused by Defendant?

Consider each element separately. Do not include damages for one element in another element. Answer in dollars and cents, if any.

| | |
|---|---|
| Pain and Suffering and Mental Anguish sustained in the past: | **$ 3,000,000.00** |
| Pain and Suffering and Mental Anguish that, in reasonable probability, Plaintiff will sustain in the future: | **$ 1,500,000.00** |
| Medical expenses: | **$ 0.00** |
| Lost earnings/earnings capacity sustained in the past: | **$ 350,000.00** |
| Lost earnings/earnings capacity that, in reasonable probability, Plaintiff will sustain in the future: | **$ 150,000.00** |

Based on the verdict of the jury, the Court **ENTERS** the following judgment:

Judgment is **GRANTED** in favor of Plaintiff George Rodriguez in the amount of $5,000,000.00 for compensatory damages. Post judgment interest shall accrue at a rate of 0.51% per annum from the date of judgment until paid.

**THIS IS A FINAL JUDGMENT.**

The Clerk shall enter this Order and provide a copy to all parties.

**SIGNED** this 26th day of June, 2009.

VANESSA D. GILMORE
UNITED STATES DISTRICT JUDGE